IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

BIBB COUNTY SCHOOL
DISTRICT

    Plaintiff,　　　　　　　　　　Civil Case No.: 5:16-CV-549-MTT

vs

ROMAIN DALLEMAND,
THOMAS TOURAND,
PROGRESSIVE CONSULTING
TECHNOLOGIES, INC.,
ISAAC CULVER, III,
COMPTECH COMPUTER
TECHNOLOGIES, INC.,
ALLEN J. STEPHEN, III,
PINNACLE/CSG, INC., AND
CORY MCFARLANE
    Defendants.
_____/

ROMAIN DALLEMAND
    Counter/Plaintiff,
vs

BIBB COUNTY SCHOOL
DISTRICT
    Counter/Defendant.
_____/

## ROMAIN DALLEMAND'S COUNTERCLAIM

COMES NOW the Counter/Plaintiff (hereinafter referred to as "Dallemand"), by and through his undersigned attorneys, and, for his Counter/Claim against the Counter/Defendant (hereinafter referred to as "BCSD"), alleges as follows:

1. The Counter/Plaintiff, is a citizen of the State of Florida, and resides at 291 18th Avenue, N.E. Naples, Collier County, Florida 34120.

2. The Counter/Defendant is organized and exists under the laws of the State of Georgia, and resides at 484 Mulberry Street Macon, Bibb County, Georgia 31201.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. §1332 (a). The Counter/Defendant is in Macon, Georgia and the Counter/Plaintiff resides in Naples, Florida, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue in this district is proper, pursuant to 28 U.S.C. §1391 (b). Because the events or omissions given rise to the counterclaim occurred in Macon, Georgia, and 28 U.S.C. §1391 (d), as the Counter/Defendant is a School District created by the State of Georgia with the capacity to sue and be sued in its common name and is deemed to reside in Macon, Georgia. Venue is also proper under principles of pendent venue because all claims arise out of the same nucleus of operative facts. Counter/Defendant is subject to personal jurisdiction in this District residing in Macon, Georgia.

## FACTS

5. Dallemand and BCSB entered into an employment contract dated Feb 1, 2011, when Dallemand was employed as BSCB Superintendent for a term commencing on February 1, 2011, and terminating on June 30, 2013. See Employment Contract attached as Exhibit "A".

6. On December 5, 2012, Dallemand and BCSB entered a second Employment

    Contract that extended his term of employment to December 31, 2015, and provided other substantial benefits to Defendant Dallemand. Second Employment Contract attached as Exhibit "B".

7. BCSD, in its Second Employment Agreement, agreed to pay Dallemand $198,000.00 annually in monthly installments, make monthly contributions during the term of the agreement to the school district's 54030 Plan, group health insurance, automobile allowance, disability insurance, life insurance, teacher's retirement system and other benefits.

8. The Second Employment Agreement provided another significant compensation in paragraph 9 (d) which states:

> Upon expiration or termination of this Agreement by either party without cause, the Superintendent shall receive a severance of $70,000.00 for every year of service to the District.

9. Dallemand and BCSB, thereafter, came to a mutual understanding to end the services of Dallemand. The parties memorialized the understanding by a written Severance Agreement and executed it on February 25, 2013. The Severance Agreement is attached to this counterclaim as Exhibit "C" and incorporated herein.

10. The BCSD received a substantial prospective benefit from the Severance Agreement entered into with Dallemand and other benefits flowing from the Second Agreement set forth therein.

11. Paragraph 6 of the Severance Agreement provides:

> Except for any claims arising under or relating to the enforcement of this Agreement, and/or the enforcement of Dr. Dallemand's vested pension rights, health/medical insurance, and/or rights to indemnification, Dr. Dallemand and the Board and District agree to mutually release one another from any and all claims of whatsoever nature they may possess against the other, from the beginning of the world through the execution of this Agreement. The release

includes all claims, known or unknown, arising out of statute, ordinance, regulation, common law, or otherwise, including, but not limited to, any claims concerning Dallemand's employment with the District and/or his separation therefrom. The parties each acknowledge that they are sophisticated, represented by counsel, have had a reasonable period of time to consider this release, and enter into this release knowingly and willfully, free from any duress or conflict.

12. BCSB breached the Severance Agreement by filing the instant case, herein, against Dallemand, in violation of paragraph 6 of the Severance Agreement, as the parties agreed not to pursue any claims against each other concerning Dallemand's employment with the District and/or his separation.

13. Paragraph 7 of the Severance Agreement provides:

> Dr. Dallemand and the Board, as well as its individual board members, agree that, at all time,s after the date of the Agreement, they will not make any statement of any kind, whether verbally or in written form, or otherwise take any action, that may reasonably be considered to disparage or impugn the other's work and/or reputation.

14. On March 28, 2014, BCSB violated the Severance Agreement by directing the interim superintendent to file a complaint with the Georgia Professional Standards Commission (Commission) and making other public statements through the media, newspaper, and internet disparaging and impugning Dallemand's work and reputation. Dallemand was unaware that BCSD filed the Georgia Professional Standard complaint, until late in its investigative process and was unable to afford counsel to aid him.

15. As a result, an order was entered by the Commission revoking Dallemand's licensure as an educator, making it impossible for him to obtain employment in his profession nationwide.

16. BCSB made disparaging statements concerning the nature of Dallemand's actions during his tenure of Superintendent, after entering the Severance Agreement. BCSB

and/or its agents sought criminal prosecution of Dallemand with the local, state, and federal Prosecutor's offices.

17. Paragraph 8 of the Severance Agreement provides:

> The parties agreed that it was in the best interests of the Board, the District, and Dallemand, that this employment separation be handled in an amicable and respectful manner. To that end, the Board agrees that, simultaneous with its execution of this Agreement, that the Board will issue the attached mutually agreeable reference recognizing the accomplishment of the District under Dallemand's leadership, and provide said reference in response to inquiries from prospective employers. (Such reference is attached hereto and incorporated herein as Attachment "A") Further, the Board and Dr. Dallemand also agree to issue the attached press release as their joint statement regarding Dallemand's employment, resignation, and this Agreement, and further agree to make no other statements or representations regarding the matters set forth in this Agreement. (Such press release is attached hereto and incorporated herein as Attachment "B")

18. BCSB violated the Severance Agreement by issuing statements that were contrary and inconsistent with paragraph 8 of the Severance Agreement.

19. As a result of the actions set forth above, Dallemand has suffered damages flowing from the breaches, past and future loss of income, damage to his reputation, and loss past and future employment opportunities, and compensatory damages. Dallemand has retained attorneys and has incurred attorney fees and costs, along with other compensatory damages. Dallemand seeks to be fully compensated for BCSB's breach the Severance Agreement.

## PRAYER FOR RELIEF

**WHEREFORE,** Counter/Plaintiff respectfully request this Court to enter a judgment awarding actual and compensatory damages against Counter/Defendant, award

attorney fees, court costs, and grant all such additional relief in law, or equity as the Court deems just and appropriate.

## JURY DEMAND

Counter/Plaintiff demands a trial by jury on all issues as to which a jury trial is available.

Respectfully submitted this 1st day of May, 2017.

        */s/ Larry K. White.*
        Larry K. White
        FL. Bar No. 0195446
        LARRY K. WHITE LLC
        1367 East Lafayette St. STE A
        Tallahassee, FL 32301
        850-577-3230 (Office)
        850-727-4525 (facsimile)
        larrykwhite@lkwlaw.net
        *Attorney for Defendant*
        *Romain Dallemand*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2017, I electronically filed the foregoing Counterclaim on behalf of Romain Dallemand, with the Clerk of the Court using the CM/ECF system, and service shall be through the Court's transmission facilities on all persons appearing before this Court.

        */s/ Larry K. White*