IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BIBB COUNTY SCHOOL DISTRICT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROMAIN DALLEMAND, *et al.*, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 5:16-CV-549 (MTT) |

## ORDER

Plaintiff Bibb County School District (the "School") issued non-party subpoenas to Prime Meridian Bank seeking the bank records (including copies of bank statements, checks, and deposits) of Defendants Pinnacle/CSG, Inc. and Cory McFarlane for the period of February 1, 2011 through May 5, 2017. Pinnacle and McFarlane jointly move to quash the subpoenas as to any information relating to the period before July, 2012, asserting a privilege to financial privacy afforded under Florida law. Doc. 88 at 1-2.

Pinnacle and McFarlane assert that the School has not met its burden under Florida law to show that: (1) the records are relevant, and (2) the School's need for the information outweighs Pinnacle and McFarlane's privacy interests. *Id.* at 6. Pinnacle and McFarlane's argument is narrow—that the relevancy of, and need for, the pre-July, 2012 documents cannot be demonstrated from the School's Amended Complaint (Doc. 59). *Id.* at 7 ("While it may be principally argued that the amended complaint, on its face, demonstrates the need for the post July 2012 privilege financial information, the same cannot be said for the pre-July 2012 privilege financial information."). Pinnacle and McFarlane conclude that the motion to quash should be granted, or, alternatively, the Court should conduct an in camera inspection of the documents or hold an evidentiary hearing. *Id.* at 9-11. The Court disagrees.

In the complaint, the School alleges that the Defendants defrauded it of almost $8 million, of which over $3 million went to Pinnacle. Doc. 59 at 130. The figurehead of the scheme—Defendant Dallemand—was hired by the School as Superintendent on February 1, 2011. *Id.* ¶¶ 15, 31-42. Within a few months of being hired, Dallemand began reorganizing the School's purchasing department to facilitate his scheme to defraud the School; the reorganization was complete by July, 2012. *Id.* ¶¶ 31-42. On November 12, 2012, Dallemand, purporting to act on behalf of the School, entered into a licensing agreement with Pinnacle (through McFarlane) for accounting and financial software that did not exist, but cost the School over $3 million. *Id.* ¶¶ 80, 84, 107.

Pinnacle and McFarlane do not give a very clear explanation of why the records preceding July, 2012 are irrelevant. They simply argue that their open involvement in the scheme occurred after July, 2012. *Id.* at 7. This may or may not be the case. But the Court does not agree that the financial records are not discoverable. Though the complaint does not directly allege Pinnacle and McFarlane's involvement in the scheme before July, 2012, if the allegations of the complaint are true, it seems nearly certain that Pinnacle and McFarlane's role in the scheme was concocted at some point prior to their dealings with the School in 2012. One logical way for the School to discover the date of Pinnacle and McFarlane's involvement in the alleged scheme is to look at the subject financial records. The School decided to begin its search by examining all records after the genesis of the scheme, February 1, 2011, when Dallemend was hired. This is reasonable.

Accordingly, the Court finds that Pinnacle and McFarlane's financial records from February 1, 2011 through July, 2012 are relevant, and that the School's need for them outweighs Pinnacle and McFarlane's privacy interest. The Court sees no need for an in camera inspection of the documents or an evidentiary hearing. The Court notes that the information discovered will be subject to a confidentiality order (which is being

separately negotiated by the parties). If the pre-July, 2012 records prove irrelevant or unnecessary, the Court will grant the information continued protection. This fully mitigates Pinnacle and McFarlane's concerns regarding unwarranted negative media coverage (*see* Doc. 88 at 6-7).

Pinnacle and McFarlane's joint motion to quash (Doc. 88) is accordingly **DENIED**.[1]

**SO ORDERED**, this 20th day of June, 2017.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT

---

[1] Pinnacle and McFarlane prematurely filed two non-final versions of the motion to quash (Docs. 86; 87) in error. Doc. 88 at 2 n.1. These motions are **MOOT**.