IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| BIBB COUNTY SCHOOL DISTRICT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROMAIN DALLEMAND, et al., ) <br> ) <br> Defendants. ) | Civil Action File No. <br><br> 5:16:cv-00549 (MTT) |

BRIEF IN SUPPORT OF
MOTION OF DEFENDANT POSITIVENTURES INITIATIVE, LLC, TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT AS TO DEFENDANT
POSITIVENTURES FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)
AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT

PositiVentures Initiative, LLC ("PositiVentures"), provides the Court with this brief in support of its motion to dismiss the Second Amended Complaint as to Defendant PositiVentures for failure to state a claim upon which relief can be granted (and, alternatively, for a motion for a more definite statement).

INTRODUCTION

PositiVentures was one of 9 parties added to this lawsuit by the 549-paragraph Second Amended Complaint of Plaintiff Bibb County School District ("Plaintiff"). Although PositiVentures is mentioned in 42 paragraphs of the complaint (and in 23 subparagraphs of the 45-page paragraph 405), a review of those paragraphs reveals that the crux of the complaint against PositiVentures relies on a litany of repetitive references with various characterizations of a single predicate act – an alleged $100,000 bribery of Dallemand on November 19, 2012.[1]

---

[1] Plaintiff does allege in paragraph 350 a receipt of funds from Integrated Technologies Consulting, LLC ("Integrated") (detailed in paragraph 315) of $276,000 received by Integrated on November 6, 2013, and forwarded on to PositiVentures in November and December 2013. PositiVentures adopts the argument set forth in the recently filed Integrated Brief supporting its motion to dismiss showing that these funds were traced out of the Progressive Consulting

1

Plaintiff cannot multiply an alleged predicate act by mentioning it over and over and over and characterizing it as a conspiracy to receive funds, transfer funds, distribute funds, launder money, and commit bribery, and also as the illicit receipt of funds, transfer of funds, distribution of funds, laundering of money, and commission of bribery.

PositiVentures shows in this brief that the circumstances of the alleged predicate act do not meet the minimal pleading requirements of sufficiency to state a claim or fairly put the defendants and court on notice of meeting dates, places, participants, subject matter, or specific discussions, or any alleged documentary support of such allegations.  While Plaintiff has done an admirable job of collecting and reciting the elements of the statutes which could potentially apply to the one predicate act it alleges against PositiVentures, those elements are recited in conclusory fashion, which is not adequate under the pleading requirements to state a claim against PositiVentures.  Plaintiff's allegations as to PositiVentures simply do not rise to the required level at the initial pleading stage to establish a right of recovery under RICO.

Although PositiVentures asks for a more definite statement in the alternative, PositiVentures notes that Plaintiff has already amended twice and has had access to substantial documents through discovery, subpoenas, and review of criminal indictments.  Thus Plaintiff has already had reasonable opportunity to allege any specific facts with regard to PositiVentures participation in any enterprise were such to exist.

---

account *after* all alleged wrongful proceeds had already been disbursed as shown by Plaintiff's own allegations.  There is further an outlier and totally unsupported allegation in paragraph 405 E. (xxv) at page 153 that PositiVentures was part of a scheme whereby Cliffard Whitby ("Whitby") delivered $24,000 case to Romain Dallemand ("Dallemand').  There is not a single fact alleged reciting any phone calls, emails, documents, discussions, or other circumstances tying PositiVentures to this cash transfer.

## CRUCIAL NECESSARY FACTUAL ALLEGATIONS ARE MISSING

Plaintiff has employed a "litany of complaints"[2] in its multiple references to the $100,000 alleged bribe paid to Dallemand on November 19, 2013. Despite the fact that Plaintiff has engaged in substantial third party discovery and twice amended its complaint, Plaintiff fails to identify a single meeting attended by PositiVentures, a single document authored by PositiVentures (other than the single check for $100,000 that Plaintiff argues constitutes PositiVentures' predicate act), a single communication (oral or written) in which PositiVentures participated, PositiVentures' role (other than as a passive conduit for a single transfer) in the enterprise, any benefit obtained or sought by PositiVentures from its alleged participation, or any of the other necessary accoutrements for RICO liability to attach to PositiVentures.

PositiVentures is only mentioned in two of the paragraphs in Count I (federal RICO) of Plainiff's Second Amended Complaint (paragraphs 404 and 405). There is no specific reference to PositiVentures in Count II (Georgia RICO), which merely adopts the conduct supportive of Count I. Similarly, Count III (fraud) attempts to include all defendants but fails to mention PositiVentures at all or allege a single misrepresentation (or other facts supportive of the elements of fraud against PositiVentures anywhere in the Count) or reference to any specific previous paragraphs. Although Plaintiff seeks to vaguely refer to some alleged misrepresentations in paragraph 432 (which spans 7 pages), no mention is

---

[2] Definitions of this term refer to "a tedious recital or repetitive series." Plaintiff has demonstrated quite an aptitude of assembling the language from every statute that could be applied to the alleged nefarious conduct and repeating the statutory elements as factual conclusions without revealing in even a minimal fashion how it arrived at the conclusions it draws that PositiVentures falls within the descriptions made.

made of PositiVentures in that paragraph whatsoever. With regard to reliance, intent, and bad faith, Plaintiff merely recites general allegations with no specific facts referenced as to PositiVentures whatsoever.

Count IV is asserted only against Dallemand. Count V is asserted only against Progressive Consulting. Count VI is asserted only against Pinnacle. Count VII is asserted only against CompTech. Count VIII is asserted only against Progressive Consulting, Culver, and Carty.

Count IX (Unjust Enrichment) is generally asserted against all defendants, but there is not a single allegation in the Second Amended Complaint that PositiVentures has retained any of the money paid into its account or that it otherwise benefited unjustly from the wrongful acts alleged. Allegations that PositiVentures was charged with knowledge of Plaintiff's board policies and conspired to avoid those requirements are untethered from any factual allegations whatsoever. Count X is asserted only against Dallemand. Counts XI and XII are asserted against PositiVentures but set forth no specific facts regarding PositiVentures other than the incorporation of the previous vague assertions. Count XII is only asserted only against Dallemand.

## ARGUMENT AND CITATION OF AUTHORITY

*Shotgun Pleadings Disfavored*

Plaintiff's Second Amended Complaint incorporates into each count the entirety of paragraphs 1 through 204 and *none of the counts incorporate paragraphs 314 through 393*.[3] Several of the assertions against PositiVentures are among those not incorporated into any count (315, 326, 327, 328, 329, 330, and 350). A study of the paragraphs that are

---

[3] Although it is purportedly incorporated into some of the Counts, there is no paragraph 313.

incorporated into each count shows that it is more random than by design. Rather than shedding light on claims, the paragraphs included and excluded obscure the nature and basis of the claims.

> That makeup lands the complaint squarely in the "shotgun pleading" basket. *See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors . . . ."). "Consequently, in ruling on the sufficiency of a claim, the [Court] must sift out the irrelevancies, a task that can be quite onerous." *Id*. As importantly, a shotgun pleading like Plaintiff's "does not comply with the standards of Rules 8(a) and 10(b)." *Lacroix*, 627 F. App'x at 818; *see also Ditto v. JPMorgan Chase Bank, N.A.*, ___ F. Supp. 3d ___, 2017 WL 213969, at *3 (S.D. Fla. Jan. 17, 2017) (shotgun pleading that incorporated "each of the allegations in Count I into Count II," provided "independent reason" for dismissing the second count of complaint."

*Silt Saver, Inc. v. Hastings*, Civil Action File No. 1:16-CV-1137-SCJ, Doc. 46 at 1-3, in the United States District Court for the Northern District of Georgia (footnote omitted) (a copy is attached hereto as **Exhibit A**).

***Basic Failures under Federal Rule of Civil Procedure 8***

Although the facts alleged in a complaint are to be taken as true for purposes of deciding a motion to dismiss, as demonstrated above Plaintiff has provided too few "facts" and those only presented as legal conclusions framed in the context of the factual elements required for its legal theories.

As noted in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007), this is a particular problem where the time of a number of people (17 here) is being taken up and there is an "'*in terrorem* increment of the settlement value.'" The Court went on to note: "'a district court must retain the power to insist upon some specificity in pleading before allowing a

potentially massive factual controversy to proceed.'"[4]  *Id*. (citation omitted).  Here the Plaintiff has had the benefit of such a long discovery period, including much discovery sought against the newly added defendants (including PositiVentures) and their bank accounts before redrafting its complaint for the second time.  Although PositiVentures does plead alternatively for a more definite statement, PositiVentures suggests that Plaintiff's two bites at the apple, particularly in light of its access to indictments and party and third-party discovery, weighs heavily against a further amendment sanctioned by the Court.

***The Propriety of Dismissal Pursuant to 12(b)(6)***

Plaintiff failed to meet the requirements of Federal Rule of Civil Procedure 12(b)(6) as detailed in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Plaintiff must set forth "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Id*., at 555 (A court is not bound to accept a legal conclusion couched as a factual allegation.).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

If a conspiracy or agreement is alleged, the bare allegation is insufficient.  For example, "when allegations of parallel conduct are set out in order . . . they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Id*., at 557.  The conspiracy cannot be proven by facts that are consistent with it but where no meetings, discussions, or other facts describing a meeting of the minds are set forth in the complaint.  *See Id*., at 564-566.

---

[4] "It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management,' given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side." *Id.*, at 559 (citations omitted).  This is particularly relevant here where Plaintiff has already conducted massive discovery involving PositiVentures and its banking institutions.

Plaintiff has failed to identify any meetings in which PositiVentures participated or any communications in which it furthered the alleged enterprise or any conspiracy in support of its objectives.

### *Plaintiff Failed to Meet Heightened Pleading Requirements*

Plaintiff failed to meet the requirements of Federal Rule of Civil Procedure 9 in that Plaintiff has failed to plead the circumstances of fraud (including those predicate acts of the RICO statute based upon fraud) with particularity.  There was no alleged statement made orally or in writing by PositiVentures, much less a statement (or omission) that is alleged to be false or misleading on which Plaintiff reasonably relied to its detriment.

> A RICO plaintiff has to allege that defendants "participated in an illegal enterprise 'through a pattern of racketeering activity.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)(quoting 18 U.S.C. § 1962(c)). Racketeering activity includes mail and wire fraud, upon which the Smiths rely. 18 U.S.C. § 1961(1); Dkt. No. 1-1 at 95. Plaintiffs who rely on fraud claims—like the Smiths—must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). That means alleging: "(1) the precise statements, documents, or misrepresentations made; (.2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Id.* at 1316-17.

*Smith v. HSBC Bank USA, N.A.*, No. 2:15-CV-70, 2017 U.S. Dist. LEXIS 142134, at *10-11 (S.D. Ga. Sep. 1, 2017).  Plaintiff wholly fails to meet this standard as to PositiVentures.  *See also Williams v. Deutsche Bank Nat'l Trust Co.*, 2017 U.S.Dist. LEXIS 108252, *9-10 (N.D. Ga. July 12, 2017) (plaintiff must set forth "precise statements," "time and place" of each statement, person making statement, "content" of statements, "manner in which they misled the plaintiff," and "what the defendants obtained as a consequence of the fraud").

***Deficiencies in the RICO Allegations in Plaintiff's Complaint***

*Number of Predicate Acts Alleged Against PositiVentures*

Although Plaintiff references it several times, the only "predicate act" alleged against PositiVentures that is not invalid on its face is the allegation that PositiVentures served as a conduit for a $100,000 bribe of Dallemand. "The RICO statute imposes liability only on those persons who engage in racketeering activity. *See* 18 U.S.C.A. §1962." *Cemar, Inc. v. Nissan Motor Corp.*, Civil Action NO. 87-165 – CMW, 1990 U.S. Dist. LEXIS 570, at *14 (D. Del. Jan. 8, 1990), *citing Eaby v. Richmond*, 561 F. Supp. 131, 134 (E.D. Pa. 1983), for the holding that "in order to state a RICO claim against any individual defendant, a plaintiff must allege with regard to that defendant that he committed at least two racketeering acts."[5]

Similarly, courts have frowned on the inclusion of peripheral parties as satellite additions to RICO lawsuits. "Someone who acts as a one-time-only straw man may have joined a conspiracy, but had no continuing ability to defraud anyone, and therefore, cannot have joined the RICO enterprise at issue in this case." *Lincoln Fed. Sav. & Loan Ass'n v. Century Park Fin. Corp.*, Case No. CV 85-866 MRP, 1987 U.S.Dist. LEXIS 14340 at *11-12 (C.D. Cal. Aug 6, 1987). *See also Henry V. Farmer City State Bank*, 808 F.2d 1228,

---

[5] Although Plaintiff makes an allegation in paragraph 350 regarding transfers from Integrated to PositiVentures, paragraph 350 is not incorporated into any of the counts and the transfers are not alleged to be in furtherance of any misconduct by PositiVentures. As has been shown in the Integrated Motion to Dismiss, those funds were not transferred out of the Progressive Consulting account until after all funds traced into that account had already been disbursed. These same facts, without any allegation of wrongdoing (other than an introductory paragraph that it was a part of a scheme), are included in subparagraph E. (xxviii) of paragraph 405 on page 154. In addition, in what appears to be a random assertion in subparagraph E. (xxv) of paragraph 405 on page 153 Plaintiff seeks to associate PositiVentures with Whitby in connection with a $24,000 payment to Dallemand. No specific facts are alleged to support this assertion.

1231 (7thCir. 1986). PositiVentures merely acted as an administrator of funds for Central Georgia Partnership for Individual and Community Development ("CGPICD"). There has been no allegation or showing that PositiVentures participated in any planning or scheme, profited in any way from any of the alleged wrongdoing, or otherwise managed any of the activities of the alleged enterprise.

*Duration of PositiVentures' Alleged Participation in Enterprise*

Plaintiff's allegations of predicate acts against PositiVentures all relate to a single alleged bride of $100,000 paid to Dallemand. The alleged bribe was paid sometime between August 27, 2011, and June 27, 2012. (Second Amended Complaint, paragraph 37). However, the first PositiVentures participation allegedly occurred on November 9, 2012. (Second Amended Complaint, paragraph 86). The participation of PositiVentures[6] simply does not meet the duration requirements of the Eleventh Circuit for Plaintiff to avoid dismissal.

> As the district court properly found, the plaintiffs' allegations plainly failed to allege facts sufficient to establish closed-ended continuity. . . . The plaintiffs maintain that no bright-line rule has been established definitively stating that nine months is too short a period to establish a "substantial period of time," for the purposes of closed-ended continuity. While the plaintiffs are correct that no court has unequivocally declared a minimum period of time that can be considered "substantial," the great weight of authority suggests that nine months is a wholly insufficient interlude. Any examination of the issue must begin with the Supreme

---

[6] PositiVentures' participation allegedly began on November 2, 2012, and ended on November 9, 2012 (or no later than January 2013 – a span of three months when it was allegedly reimbursed), with the payments into and out of its account. See paragraphs 84-86 of the Second Amended Complaint. Plaintiff repeats the date of this alleged participation in paragraphs 87, 88, 89, 90, 91, 92, 93, 94, and 110. Although no particular circumstances are alleged to tie PositiVentures participation to a payment to Dallemand ten days later on November 19, 2012, PositiVentures is alleged to have conspired sometime prior to that date. See paragraphs 95, 100, 102, 103, 112, and 113 of the Second Amended Complaint. Three months later the Second Amended Complaint alleges that PositiVentures was repaid. See paragraphs 225, 226, 227, 228, 229, and 315. This entire period of alleged participation of three months does not meet the minimum required.

> Court's warning that predicate acts "extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement . . . ." *H.J. Inc.*, 492 U.S. at 242, 109 S. Ct. at 2902. This Circuit has determined that an alleged mail fraud scheme lasting approximately six months "was accomplished in too short a period of time . . . to qualify it as a pattern of racketeering activity." *Aldridge v. Lily-Tulip, Inc. Salary Ret. Plan Benefits Comm.*, 953 F.2d 587, 593 (11th Cir. 1992); *see also Hutchinson v. Wickes Cos., Inc.*, 726 F. Supp. 1315, 1320 (N.D. Ga. 1989) (questioning in *dicta* whether two years can be a "substantial period of time").

*Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1266 (11th Cir. 2004). The Court went on to note at page 1267 that "The overwhelming weight of case authority suggests that nine months is not an adequately substantial period of time." The Court also noted, as here, that the alleged racketeering activity related to a single matter rather than a series.

> Indeed, in cases like this one, where the RICO allegations concern only a single scheme with a discrete goal, the courts have refused to find a closed-ended pattern of racketeering even when the scheme took place over longer periods of time.

*Id*. at 1267. Similarly, another case in which the only specified victim was the plaintiff himself, this was insufficient to avoid a dismissal of the RICO claim. *Hirsch v. Matthews*, 2017 U.S. Dist. LEXIS 170689, *35 (N.D. Ala. May 31, 2017). Here the Plaintiff makes vague and conclusory reference to "other school districts" in paragraphs 265, 267, 401, 402, 405, 406, and 407 (a total of 125 mentions) without once identifying any such district by name, state, date, etc. These massive but repetitive and brief references are not sufficient to expand the number of victims beyond the Plaintiff itself – a *prime facie* insufficient number.

### *Sufficiency of Pleadings*

In 1989 in a case cited 496 times, the Fifth Circuit set forth a comprehensive compilation of the requirements to state a RICO claim sufficient to survive a motion to dismiss. The Court observed that the four elements of a RICO violation are "deceptively simple:" (1) the conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering

activity). *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). On page 880 and the following two pages, the Court sheds light on what is required to adequately plead a RICO claim. When viewed through the prism of this seminal case, the Plaintiff's Second Amended Complaint as to PositiVentures falls far short of the minimum requirements.

Each type of these four concepts "is a term of art which carries its own inherent requirements of particularity." *Id*. First, Plaintiff has failed to set forth alleged facts involving PositiVentures that meet each of the elements it is required to plead. Second, "[t]he 'enterprise' element requires that the plaintiff specify the enterprise and, in the case of an association-in-fact enterprise, plead the necessary organizational characteristics." *Id*. Instead, Plaintiff here has lumped everyone together and implied that any act of one will apply to all others (and has nevertheless failed to specify any specific acts of PositiVentures).

Each element of racketeering activity "subsumes constituent elements which plaintiff must plead." *Id*. However, Plaintiff's Second Amended Complaint fails as to PositiVentures because the allegations merely "substantially rescript the language of the statute in conclusory form." *Id*. The language recited in *Elliott* applies equally in this case:

> Elliott failed to articulate how any particular defendant derived income from the alleged predicate acts, nor did she identify the enterprises in which income was invested. The only purported description of the acquisition or maintenance of an interest in an enterprise is by circumlocutory references such as "acts described hereinabove." The complaint does not demonstrate how an identified defendant acquired control of a named enterprise by means of racketeering activity. In fact, the few enterprises named in the allegations do not correlate with the list of enterprises provided elsewhere in the complaint. Finally, the complaint does not treat each alleged violation of § 1962 as a separate RICO claim.

*Id*., at 880-81.

With regard to statute after statute alleged to have been violated and to comprise a predicate act, Plaintiff employs a "formulaic recitation" of the elements of the causes of action.  This approach has been repeatedly found insufficient to survive a motion to dismiss.  For example, Plaintiff pleads violations of 18 U.S.C. §2314 a total of twenty times in the Second Amended Complaint but fails to allege with specificity the required factual underpinnings.

> First is Plaintiff's direct assertions that Defendants violated the statute [18 U.S.C. §2314]. For example, Plaintiff asserts that "Defendants, on multiple occasions closely tied in time, knowingly transported Plaintiff's natural resources (e.g., coal, timber, minerals) that they wrongfully took from Plaintiff to different states and countries outside of Alabama by use of truck, river transportation and railroad transportation." However, such "formulaic recitation[s] of the elements of a cause of action" are not sufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678.

*Black Diamond Land Mgmt. LLC v. Twin Pines Coal Inc.*, 707 F. App'x 576, 581-82 (11th Cir. 2017).  The Court found that the basic requirement of pleading "proof of scienter" or knowledge could not be established by this formulaic approach.

Similarly, Plaintiff has failed to identify the enterprise as required.  Plaintiff does not even mention "enterprise" in the context of its allegations until paragraph 396 and then merely to quote 18 U.S.C. § 1962 (c).  No facts were alleged regarding what comprised the enterprise in this case.  Enterprise is not mentioned again until paragraph 400, where the definition adopted is so summary and incomplete of detail as to be shocking in its deficiencies.  The whole of paragraph 400[7] is quoted below:

> Collectively, the Defendants agreed to form and, in fact, formed an enterprise (the "Enterprise") that was engaged in, or the activities of which affected, interstate commerce.  Each Defendant was associated with the Enterprise.

---

[7] Paragraph 422 goes on to state "The purpose of the Enterprise was to intentionally defraud BCSD of its money and property to the Defendants' benefit."  Thus, the entire enterprise and pattern of racketeering conduct revolved around a single alleged victim and is only defined in conclusory fashion.

Compare this assertion with the minimum allegations requires, as recited in *Elliott*:

> The enterprise must be "an entity separate and apart from the pattern of activity in which it engages." *Atkinson v. Anadarko Bank & Trust Co.*, 808 F.2d 438, 441 (5th Cir. 1987). The defendant who commits the predicate offenses must also be distinct from the enterprise. *Bishop v. Corbitt Marine Ways, Inc.*, 802 F.2d 122 (5th Cir. 1986). If the defendant is a legal entity, the plaintiffs must do more than merely establish that the corporation, through its agents, committed the predicate acts in the conduct of its own business. *Old Time Enterprises, Inc. v. International Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989).  If the enterprise alleged is an "association in fact" enterprise, the plaintiff must show evidence of an ongoing organization, formal or informal, that functions as a continuing unit over time through a hierarchical or consensual decision-making structure. *Atkinson*, 808 F.2d at 440-41. The fact that officers or employees of a corporation, in the course of their employment, associate to commit predicate acts does not establish an association-in-fact enterprise distinct from the corporation.  *Id.* at 441. Finally, the plaintiff must plead specific facts which establish that the association exists for purposes other than simply to commit the predicate acts. *Montesano*, 818 F.2d at 427.

*Id*., at 881.  "[O]nly those who personally carry out the 'pattern of racketeering activity' may be convicted.  Secretaries, lamp dealers, and other peripheral figures who might be swept in by the phrase 'involved in some way' are swept right out again by the racketeering-activity element."

*United States v. Wameke*, 310 F.3d 542, 548 (7th Cir. 2002).

> There is a difference between actual control over an enterprise and mere association with an enterprise; in light of that difference, the test for liability "is not involvement but control." *Congregacion de la Mision Provincia de Venezuela v. Curi,* 978 F. Supp. 435, 450 (E.D.N.Y. 1997) (citing *Dept. of Econ. Dev. v. Arthur Anderson & Co.,* 924 F. Supp. 449, 466 (S.D.N.Y. 1996)).

*Metro. Transp. Auth. V. Contini*, Civil Action No. 04-CV-0104 (DGT) (JMA), 2005 U.S. Dist. LEXIS 13345, at *13 (E.D.N.Y. July 6, 2005) (also important if accused defendant was merely passive and "did not benefit directly from the scheme" as PositiVentures did not benefit here).

Perhaps the most glaring deficiencies in Plaintiff's RICO allegations relate to the racketeering activity alleged against PositiVentures.  There is no identification of any meetings,

phone communications, letters, emails, or other evidence of PositiVentures's participation in a scheme or conspiracy, much less predicate acts. In *Elliott* the Court noted:

> Elliott does not identify the contents of any communications, nor does she explain how the communication advanced the alleged scheme of the defendants to defraud her. She does not suggest how the communications violated federal law.

*Elliott, supra*., at 882. Plaintiff does no better here.

These concepts and requirements have recently been affirmed by a sister district in this state:

> Because, as the Encore defendants correctly contend, plaintiffs offer no facts to support their conclusory allegation that defendants agreed to violate 18 U.S.C. § 1962(c), [Doc. 46-1 at 20; Doc. 62 at 15]; *see generally* [Doc. 26], and simply rely on the same allegations that are insufficient to establish their underlying RICO claim, their RICO conspiracy claim against defendants is due to be dismissed, *see Am. Dental Ass'n,* 605 F.3d at 1296 (affirming district court's dismissal of RICO conspiracy claim as plaintiffs had "not plausibly alleged sufficient facts regarding [d]efendants['] agreement with other entities or persons to engage in the ongoing criminal conduct of an enterprise"); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1269 (11th Cir. 2004) (finding district court properly dismissed plaintiffs' RICO conspiracy claims where they "failed to allege that the [] defendants agreed to violate any of the substantive provisions of the RICO laws"); *Chi*, 2014 WL 5019917, at *3 (footnotes omitted) (finding plaintiffs' RICO [*71] conspiracy claims that did "not allege additional facts," but instead "conclude[d] that there was an agreement and reference[d] 'numerous overt acts'" must be dismissed); *Bivens*, 2009 WL 891859, at (citation omitted) (Plaintiffs' RICO conspiracy claim "fails because [they] rely on the same allegations that are insufficient to establish the underlying RICO claim."). Accordingly, it is **RECOMMENDED** that plaintiffs' RICO claim and RICO conspiracy claim be **DISMISSED**.

*Mason v. Midland Funding LLC*, No. 1:16-cv-02867-CC-RGV, 2017 U.S. Dist. LEXIS 216825, at *70-71 (N.D. Ga. July 27, 2017) (Recommendation of United States Magistrate Judge), *adopted in pertinent part*, *Mason v. Midland Funding, LLC*, 2017 U.S. Dist. LEXIS 216819, *10-12 (N.D. Ga. September 29, 2017).

*Failure to Establish Proximate Cause of Damages Relating to Macon Promise Neighborhood*

In order to withstand the motion to dismiss the RICO claims against PositiVentures relating to the Macon Promise Neighborhood, Plaintiff is required to satisfy "RICO's heightened proximate cause standard" by alleging "a 'direct relationship' between the alleged RICO violations and the plaintiff's alleged injury." *Go!TV v. Fox Sports Latin Am., Ltd.*, 2018 U.S. Dist. LEXIS 29836, *28 (S.D. Fla. January 26, 2018).  Plaintiff actually benefited from its purchase of property related to the Macon Promise Neighborhood and from its support of that educational product *and has not alleged otherwise anywhere in its 549-paragraph complaint*.

## CONCLUSON

Plaintiff has filed a massive but haphazard Second Amended Complaint, which assembles and quotes many statutory requirements for its claims without adding specifics about the underlying circumstances and factual underpinnings mandated by the Rules of Civil Procedure.  This prodigious effort may demonstrate admirable persistence to maintain and repeat inflammatory and conclusory allegations but it fails to specify the basis of the assertions in such a way that they can be parsed by the Court or addressed by the accused.  However, the strength of Plaintiff's convictions, more is required to come into Court with a viable cause of action than a mere unsubstantiated conclusion, no matter how oft repeated.

Dismissal is the most just and convenient avenue to avoid further imposition of this "potentially massive factual controversy to proceed" against PositiVentures.  Although allowing Plaintiff a further opportunity to expand its assertions further and add clarity where there is none might have proven a more reasonable solution at an earlier stage of this dispute, PositiVentures merely requests that remedy as an alteranative should the Court be disinclined to grant a full and final dismissal.

Respectfully submitted,

        DAVIS, ZIPPERMAN, KIRSCHENBAUM & LOTITO, LLP

        Kirk W. Watkins
        Georgia Bar No. 740550
        Tel: (404) 688-2000
        kwatkins@dzkl.com
        918 Ponce de Leon Avenue, NE
        Atlanta, Georgia  30306

*Counsel for PositiVentures Initiative, LLC*

## CERTIFICATE OF SERVICE

Counsel hereby attests that he is relying upon the automatic electronic service of the United States District Court for the Middle District of Georgia to effect service of the foregoing motion on all parties to this action.

This 16th day of March, 2018.

        Kirk W. Watkins
        Georgia Bar No. 740550
        Tel: (404) 688-2000
        kwatkins@dzkl.com