IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| BIBB COUNTY SCHOOL DISTRICT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROMAIN DALLEMAND; et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action File No. <br><br> 5:16:cv-00549 (MTT) |

## MOTION FOR LEAVE TO AMEND DEFENDANT POSITIVENTURES' MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS OF WHITBY, INC., AND CLIFFARD WHITBY

PositiVentures Initiative, LLC ("PositiVentures"), Whitby, Inc., and Cliffard Whitby, individually ("Whitby"), request leave of Court to amend their respective motions to request that the Court take judicial notice of intervening Court rulings and the impact of those rulings on the pending motions.

### THE AMENDMENT SOUGHT

The amendment sought is for the Court to take judicial notice that the alleged crimes on which the Plaintiff Bibb County School District bases its "extension" of the statute of limitations for its state law RICO claims as to Defendants PositiVentures, Whitby, Inc., and Whitby and its predicate acts of those defendants with regard to its RICO allegations have been determined by a duly constituted jury, and PositVentures, Whitby, and other defendants have been found "not guilty" of the alleged crimes. Jury Verdict rendered on October 9, 2018, in Criminal Case No. 5:17-CR-43-MTT in the United States District Court for the Middle District of Georgia, Macon Division brought by the United States of America against PositiVentures, Whitby, and others. These facts, of which Movants solicit the Court to take judicial notice, impact the motion to

1

dismiss and for judgment on the pleadings in terms of the sustainability of the allegations asserted and the application of the statute of limitations.

1. **Propriety of Amendment**

At the time the motions were filed, the movants could not rely upon a finding with regard to the criminal charges as no such finding had been finally made. With the jury verdict of not guilty, the finding of "not guilty" has now been conclusively made and thus the crimes on which the underlying civil claims against PositiVentures, Whitby, Inc., and Whitby were founded can no longer support the claims made or an extension of the statute of limitations. Because the RICO allegations require proof of underlying crimes and crimes require proof beyond a reasonable doubt, the finding of not guilty in favor of PostiVentures and Whitby of all crimes alleged in the Second Amended Complaint serves as collateral estoppel barring re-litigation of those claims in this proceeding. Further, the conclusive finding by the jury impacts the application of O.C.G.A. § 9-3-99 as discussed below.

2. **Collateral Estoppel**

Because the RICO counts of Second Amended Complaint (both state and federal) require for Plaintiff's recovery the commission of the alleged underlying crimes and because the not guilty finding in the criminal proceeding is a determination of the merits resolving those criminal claims, Plaintiff's Second Amended Complaint to the extent based on the criminal conduct that has been resolved is appropriately dismissed. Plaintiff cannot recover as a victim of an alleged crime that did not occur.[1] Movants seek leave to amend and to flesh out application of this principle.

---

[1] Movants ask the Court to apply the not guilty verdict as collateral estoppel only to the criminal allegations barred directly or by the operation of the bar on double jeopardy. Those allegations are the primary basis for Count I (federal RICO), Count II (Georgia RICO), and Count XI

3. **Impact on Application of O.C.G.A. § 9-3-99**

    a. **PositiVentures**

PositiVentures was charged by Plaintiff with one crime – the crime of conspiracy to commit money laundering.[2] While this crime can serve as the predicate acts for federal or state Civil RICO, there were no charges of wire or mail fraud against PositiVentures. PositiVentures has now been found not guilty of the only crime charged against it by Plaintiff.

    b. **Whitby and Whitby, Inc.**

The indictment against Whitby for bribery and money-laundering has now been fully resolved by the not guilty verdict of the jury. The crimes on which Plaintiff bases its defense to the assertion of the statute of limitations cannot serve that purpose.

    c. **The Statute of Limitations Ran on the Civil Case before the Crime Was Charged and Was Resolved before a Ruling on Motions to Dismiss and for Judgment on the Pleadings**

The tolling of O.C.G.A. §9-3-99 is designed to extend the statute of limitations for a period of up to six years *during the pendency of the criminal proceedings. See Columbia Cty. V. Branton*, 304 Ga. App. 149, 152, 695 S.E.2d 674, 677-78 (2010). Although *Columbia* was overruled by *Harrison v. McAfee*, 338 Ga. App. 393 (2016), the particular issue of revival of an expired claim was not addressed. Judicially recognizable facts now show that no crime was alleged before the statute expired and the later accused defendants of an alleged crime (PositiVentures and Whitby) have been exonerated by a not guilty verdict.

---

(Inducing and Aiding Breach of Fiduciary duty – to the extent based on the alleged crimes of PositiVentures, Whitby, and Whitby, Inc.).

[2] PositiVentures notes that O.C.G.A. § 9-3-99 has been held to extend the limitations period for a joint tortfeasor of the party criminally charged for the same conduct charged by the crime. *Harrison v. McAfee*, 338 Ga. App. 393, 399, 788 S.E.2d 872, 876 (2016),

A plain reading of the statute[3] would rationally require, as held in the overruled *Columbia* case, that a criminal proceeding (in which any allegations would be made) must be pending in order for the statute to be tolled.  This interpretation becomes more compelling when the criminal indictment, which was not pending when the original statute expired, is favorably and fully resolved in favor of the accused while motions to dismiss (and for judgment on the pleadings) in the civil case are still pending.   Movants seek leave to amend and flesh out application of this principle and provide supporting legal authority.

Respectfully submitted,

DAVIS, ZIPPERMAN, KIRSCHENBAUM & LOTITO, LLP

  s/ Kirk W. Watkins  
Kirk W. Watkins  
Georgia Bar No. 740550  
Tel: (404) 688-2000  
kwatkins@dzkl.com  
918 Ponce de Leon Avenue, NE  
Atlanta, Georgia  30306  

*Counsel for PositiVentures, Whitby, and Whitby, Inc.*

---

[3] O.C.G.A. § 9-3-99 provides:  "The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years, except as otherwise provided in Code Section 9-3-33.1."

**CERTIFICATE OF SERVICE**

Counsel hereby attests that he is relying upon the automatic electronic service of the United States District Court for the Middle District of Georgia to effect service of the foregoing memorandum on all parties to this action. In addition a copy of the filing was served by mail on Romain Dallemand at P.O. Box 112103, Naples, FL 34108.

This 17th day of October, 2018.

                                     __s/ Kirk W. Watkins_____
                                     Kirk W. Watkins
                                     Georgia Bar No. 740550
                                     Tel: (404) 688-2000
                                     kwatkins@dzkl.com