# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| BIBB COUNTY SCHOOL DISTRICT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:16-CV-549 (MTT) |
| | ) |
| ROMAIN DALLEMAND, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On March 15, 2019, counsel for the parties agreed to take Defendant Cory McFarlane's deposition and the Rule 30(b)(6) deposition of Defendant Pinnacle/CSG, Inc. some time between April 1 and April 10. Doc. 334 at 7-9. McFarlane, the President and "Chief Visionary" of Pinnacle, was to serve as the Rule 30(b)(6) witness. *Id.* at 9. Almost a week later, on March 21, 2019, defense counsel emailed counsel for Plaintiff Bibb County School District ("BCSD"), stating that McFarlane is "not available April 1-10 or any dates in April 2019" because of "out-town [sic] business matters." *Id.* at 4. With a May 31, 2019 discovery deadline looming, BCSD's counsel sent several emails regarding McFarlane's deposition, one of which attached notices of deposition for McFarlane and Pinnacle to take place on April 8, 2019 at 10 a.m. in Tallahassee, Florida. *Id.* at 3; *see generally* Doc. 328. Defense counsel did not respond. On April 3, 2019, BCSD's counsel emailed defense counsel once more to remind him that BCSD planned on deposing McFarlane in Tallahassee on April 8th. Doc. 328-6. Again,

defense counsel did not respond, and the Defendants did not seek relief from their obligation to comply with the notices for their depositions.

On April 8, 2019, BCSD's counsel traveled to Tallahassee to take McFarlane's deposition only to find that neither McFarlane nor his counsel was there. Doc. 328 at 3. BCSD's counsel then called defense counsel who confirmed that McFarlane would not appear for his noticed deposition. *Id.*; Doc. 336-22. Consequently, BCSD incurred unnecessary costs and fees.

Federal Rule of Civil Procedure 37(d)(3) provides that "the court must require the party failing to [attend his properly noticed deposition], the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."); *see also LaFavors v. Thayer*, 706 F. App'x 489, 491-92 (11th Cir. 2017) (noting that a party's failure to appear for his own properly noticed deposition "without even having the courtesy to advise opposing counsel in advance" "could not be described as 'substantially justified'").

On April 10, 2019, the Court held a hearing on the parties' discovery dispute. Doc. 336. Although ordered to appear for the hearing, McFarlane did not.[1] Doc. 330. At the hearing, Pinnacle and McFarlane's counsel had no halfway decent explanation

---

[1] On the morning of the hearing, defense counsel filed a "motion to excuse Cory McFarlane from the stauts [sic] conference hearing scheduled for April 10, 2019." Doc. 332. Attached to that motion is Cory McFarlane's "unsworn declaration" in which he states that he cannot attend the April 10, 2019 hearing because he is with his gravely ill father in Ft. Lauderdale, Florida. Doc. 332-3 at 2. This was the first mention of the father's health condition, which apparently came as a surprise to defense counsel. McFarlane also states in his declaration that he could not attend his April 8, 2019 deposition "because of prior business obligations." *Id.* McFarlane then states that he plans on being in New York from April 13 to April 28 to take care of his three-year-old son but that he is available for a video deposition. *Id.* at 2-3. Despite his childcare duties and business obligations that supposedly rendered him unavailable for the entire month of April, McFarlane was deposed on April 15, 2019 in Macon, Georgia.

for their failure to appear for the deposition, their failure to notify BCSD that they would not comply with the deposition notices, or their failure to seek a protective order.[2] Thus, the Court found McFarlane's failure to attend his deposition was not substantially justified. Given the circumstances, the Court ordered BCSD to submit an itemization of expenses incurred regarding the events surrounding the April 8 deposition and for McFarlane and Pinnacle to pay reasonable expenses. Doc. 330 at 1. The parties agree that the incurred expenses and fees total $2,889.12. Docs. 347 at 2; 349 at 1. Accordingly, pursuant to Federal Rule of Civil Procedure 37(d)(3), McFarlane and Pinnacle are hereby **ORDERED** to pay BCSD expenses and fees in the amount of **$2,889.12**.

    **SO ORDERED**, this 7th day of May, 2019.

                                                      S/ Marc T. Treadwell
                                                      MARC T. TREADWELL, JUDGE
                                                      UNITED STATES DISTRICT COURT

---

[2] Notwithstanding the multiple emails and notices regarding McFarlane's deposition, defense counsel seems to believe that because he told BCSD's counsel back in his March 21 email that McFarlane would not be available for his deposition on any day in April, he did not need to respond. Apart from the Defendants' legal obligations, as a matter of common courtesy, defense counsel could have replied to those emails or, at the very least, met BCSD's counsel in person when they were in Florida to let them know McFarlane would not show.