**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **BIBB COUNTY SCHOOL DISTRICT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:16-CV-549 (MTT)** |
| | ) | |
| | ) | |
| **ROMAIN DALLEMAND, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff Bibb County School District ("BCSD") has moved for default judgment as to its claims against Defendants Harold Knowles and Knowles & Randolph, P.A. (the "Knowles Defendants"). Doc. 343. In response, the Knowles Defendants have moved to set aside the Clerk's entry of default, attaching to their motion a proposed answer to BCSD's second amended complaint. Docs. 345; 345-1; 353.[1] For the following reasons, BCSD's motion is **DENIED** and the Knowles Defendants' motion is **GRANTED**.

## I. BACKGROUND

This is a complex civil matter that has been pending since December 2016. Stays have been entered because of parallel criminal proceedings. The facts of this

---

[1] The Knowles Defendants have also filed an "Amended Motion to Set Aside Clerk's Default and to Deny Plaintiff's Motion for Default Judgment." Doc. 353. This document is identical to their response to BCSD's motion for default judgment, with the exception that it includes footnote three—which addresses the deficiencies in the legal assistant's affidavit that was attached to the initial motion to set aside the default. *Compare* Doc. 352, *with* Doc. 353. In their "amended" motion to set aside the default, the Knowles Defendants also seek permission to file their answer out of time. Doc. 353 at 3.

case are well laid out in the Court's previous Order denying the Knowles Defendants'
motion to dismiss. Doc. 331. In a nutshell, BCSD, in its 549-paragraph second
amended complaint, alleges that the Defendants engaged in multiple schemes to
defraud BCSD. *See generally* Doc. 162. Relevant for purposes of ruling on the parties'
motions, the Order denying the motion to dismiss was entered on April 8, 2019 at 6:10
p.m. Doc. 331. Pursuant to Federal Rule of Civil Procedure 12(a)(4), when a court
denies a Rule 12(b)(6) motion, "the responsive pleading must be served within 14 days
after notice of the court's action." The Knowles Defendants did not file their answer
within fourteen days of having notice of the Court's denial of their motion.
Consequently, BCSD filed an application with the Clerk for entry of default against the
Knowles Defendants, which the Clerk granted on April 24, 2019. Docs. 340; 341. The
following day, the Knowles Defendants moved to set aside the entry of default and
attached a proposed answer. Docs. 345; 345-1.

    The Knowles Defendants do not contest that they did not timely file their answer.
Instead, their counsel, rather, his legal assistant, steps up to take the fall for the delay in
filing. *See generally* Doc. 345. According to defense counsel, his legal assistant left
work early on April 8, 2019 to be with her ill daughter who had recently been released
from the hospital. *Id.* at 3. Though she "returned to the office fulltime on April 10,
2019," when the Knowles Defendants had 12 days to file their answer, the legal
assistant "got behind on calendaring in this case, and others." *Id.* at 4. In her affidavit,[2]
the legal assistant states that between April 10 and April 17, she drove her daughter to

---

[2] As noted earlier, the initial affidavit of the legal assistant was deficient. The legal assistant did not swear
or affirm that the facts contained in the affidavit were true, nor did the notary public certify that the legal
assistant swore or affirmed the facts as true. The affidavit also did not provide a date of when the legal
assistant signed it. The amended affidavit cures the deficiencies.

the doctor's appointments for wound dressing. Doc. 353-5 ¶ 11. She also states that on April 9 and 10, she worked on producing discovery responses as well as prepared for the April 10 status conference, which included producing "over 4717 bate stamp documents." *Id.* ¶ 13. In short, the Knowles Defendants did not timely file their answer because their counsel's legal assistant was preoccupied with other issues and failed to place the due date on the "tickler system." *Id.* ¶ 12. The Knowles Defendants say this even though their brief seems to establish that they would not have filed a timely answer even had the legal assistant "calendared" something. That is because their lawyer thought he had 30, rather than 14, days to file the Knowles Defendants' answer. Doc. 353 at 4.

## II. DISCUSSION

### A.     Standard

At a party's request, and following the Clerk's entry of default, the Court may enter a default judgment against a defendant who has failed to plead or otherwise defend claims. Fed. R. Civ. P. 55(a), 55(b)(2). Entry of default judgment is committed to the discretion of the Court. *Hamm v. Dekalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985) (citations omitted). "The [C]ourt may set aside an entry of default for good cause," and the Court may also deny a motion for default judgment and grant a request to file an untimely answer for good cause. Fed. R. Civ. P. 55(c); *see Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1338 (11th Cir. 2014) ("Perez was entitled to have her motion to file an out-of-time answer to the counterclaim considered under our 'good cause' standard applicable to setting aside a default rather than under the 'more rigorous,' 'excusable neglect' standard.") (citation omitted). The defaulting party bears the burden

of establishing good cause. *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999).

"Good cause is a mutable standard, varying from situation to situation," but factors for courts to consider include the following: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; and (4) whether the defaulting party acted promptly to correct the default. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (quotation marks and citations omitted). Courts should not find that good cause exists if the defaulting party "demonstrates an intentional or willful disregard of the judicial proceedings." *Perez*, 774 F.3d at 1337 n.7. In light of the Eleventh Circuit's "strong policy of determining cases on their merits," however, default judgments "are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (quotation marks and citation omitted).

### B.    Analysis

BCSD makes several arguments why the Knowles Defendants have failed to establish good cause. First, it argues that the Knowles Defendants' blaming their counsel's legal assistant for their failure to timely file an answer is not a plausible excuse because (1) there is nothing in the record to suggest that the attorneys took action to ensure that the answer was timely filed; and (2) the timeline of events shows the legal assistant was working full time during 12 of the 14 days of the response period. Doc. 367 at 2-3. BCSD also points out that defense counsel's admitted ignorance of the Federal Rules of Civil Procedure—thinking he had 30 days to file an

answer instead of 14—is not a sufficient excuse to set aside the default. *Id.* at 3 n.4. It is difficult to find fault with these arguments. Certainly, defense counsel cannot hide behind his legal assistant and skirt his legal obligations to his client. His clients retained him to be their counsel, not his legal assistant.[3] Nor is it acceptable that defense counsel lacks familiarity with the rules governing practice in federal court, though, as evidenced in the Court's previous orders (for example, *see* Docs. 329 (defense counsel not knowing that a counterclaim cannot relate back under Rule 15 to the date BCSD filed its initial complaint); 336 (defense counsel not moving for a protective order under Rule 26 regarding his client's deposition notice)), reminding defense counsel of his need to be familiar with federal procedure is an exercise in futility.

Notwithstanding the poor excuses provided by defense counsel, the Court finds good cause under the "more forgiving Rule 55(c) standard as opposed to the more exacting Rule 6(b)(1)(B) standard" for "excusable neglect."[4] *Perez*, 774 F.3d at 1339. It is clear from the record that the Knowles Defendants' failure to timely file their answer was not "willful or contumacious." *Id.*; *Compania*, 88 F.3d at 951-52 (noting that a default is willful when the litigant displays "either an intentional or reckless disregard for the judicial proceedings" by failing to obey a court order when "given ample opportunity to comply"). The day after the Clerk entered default, the Knowles Defendants moved to set aside that entry and attached a proposed answer. That prompt action to cure the

---

[3] The Knowles Defendants retained another counsel to assist in the matter several days after the Court denied their motion to dismiss. The Court has not yet heard from this counsel and does not know what role, if any, he played in the Knowles Defendants' default.

[4] It is a mystery why the Knowles Defendants rely on Rule 6(b)(1)(B)'s more exacting and rigorous "excusable neglect" standard to set aside the default. Doc. 353 at 3, 4. In any event, Rule 55(c)'s "good cause" standard is the proper standard to apply in addressing a motion to set aside an entry of default. *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014).

default demonstrates that the delay was not willful. *Compare Annon Consulting, Inc. v. BioNitrogen Holdings Corp.*, 650 F. App'x 729, 732 (11th Cir. 2016) (noting that the default was willful when defendant knew of "clerk's initial entry of default and still failed to file a responsive pleading"), *with Auto Owners Ins. Co. v. Sapp*, 2017 WL 6210317, at *2 (M.D. Ga. Jan. 10, 2017) (finding that the default was not willful when "both parties acted promptly to cure"). Moreover, the record shows that leading up to the deadline to file their answer, the Knowles Defendants actively participated in discovery. *See* Doc. 336 at 1 (ordering the Knowles Defendants to provide complete responses to BCSD's written discovery requests by April 15, 2019). The record also shows that only the Knowles Defendants' counsel and his legal assistant were responsible for the untimely filed response; there is no evidence to suggest that the Knowles Defendants themselves were responsible.[5] *See Perez*, 774 F.3d at 1338 (considering whether the party or the party's attorney was responsible for the failure to timely answer). Again, to be clear, the Court is not condoning defense counsel's lack of familiarity with federal rules or his attempt to use his legal assistant as the scapegoat. But, applying the more liberal Rule 55(c)'s standard, the Court rejects BCSD's argument of no good cause based on the excuses provided.

BCSD also contends that the Knowles Defendants have failed to present a meritorious defense. Docs. 348 at 7; 367 at 4. To show a meritorious defense, "a defendant need only show a 'hint of a suggestion.'" *Buonocore v. Credit One Bank,*

---

[5] It is true, as BCSD points out, that Knowles is an attorney and Knowles & Randolph is a firm consisting of five attorneys. Doc. 348 at 6. However, again, there is nothing to indicate that these attorneys were directly involved in the default. In fact, defense counsel states he "timely told [his clients] of the Clerk's default," and his clients then quickly acted on it. Doc. 353 at 6 n.5. And even assuming the attorneys should have done a better job of communicating with their counsel and keeping track of their own case, that still does not show a willful delay.

*N.A.*, 2014 WL 6620623, at *2 (citing *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)[6]).  A defaulting party's mere "bald assertions" that it had a meritorious defense is not sufficient.  *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 739 (11th Cir. 2018); *see Wehrs v. Wells*, 688 F.3d 886, 890-91 (7th Cir. 2012) (noting that conclusory general denial or bare legal conclusions fail to establish a meritorious defense for the purpose of setting aside a default judgment); *see also Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 120-22 (5th Cir. 2008) (noting that litigants must present "specific facts that would constitute a defense" to establish a meritorious defense for the purpose of setting aside a default judgment).

While the Knowles Defendants claim they "have meritorious defenses as evidenced by the pleadings in support of its motion to dismiss and the proposed answer filed with the instant motion," many of the defenses they reference, *i.e.*, contractual defenses and issues of standing, are either without merit or inapplicable to the case with respect to the Knowles Defendants.  Doc. 353 at 6.  In addition, other than their "bald assertions," including their conclusory statement that they deny "knowledge of the alleged conspiratorial conduct of Cliff[a]rd Whitby and other defendants," the Knowles Defendants provide no specifics for the Court to determine whether they have any meritorious defense.  *See id.*  The Knowles Defendants also cite no authority on this factor.  Nevertheless, a meritorious defense is just one factor a court may evaluate when determining whether good cause exists to set aside the clerk's entry of default.  *See Compania*, 88 F.3d at 951 (recognizing that "'good cause' is not susceptible to a

---

[6] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

precise formula"). As discussed earlier and below, other factors weigh in favor of setting aside the default for good cause.

BCSD's final argument, which goes to the heart of the matter, is that they would be prejudiced if the default is set aside. Docs. 348 at 8; 367 at 6. BCSD cites nonbinding authority for the proposition that forcing a plaintiff to continue litigating a suit against a defaulting defendant that has no meritorious defense "unduly prejudices the plaintiff." *Id.* (citing cases). The Court is not convinced. This argument is, in essence, a bootstrap to the argument of no meritorious defense. Put another way, if prejudice was determined by whether litigation was continued without a meritorious defense, then the prejudice factor would be superfluous. Thus, the correct inquiry is "whether prejudice results from the *delay*, not from having to continue to litigate the case." *Sherrard*, 724 F. App'x at 738 (quoting *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009)); *see also Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960) ("[T]he setting aside of the default has done no harm to plaintiff except to require it to prove its case. . . . [It] will not prevent plaintiff's making its proof and obtaining the decree to which it is entitled."). For example, a plaintiff may be prejudiced if the delay resulted in a loss of evidence, increased opportunities for fraud and collusion, or increased difficulties in discovery. *Sherrard*, 724 F. App'x at 739 (citation omitted).

Here, there is nothing in the record to suggest that the Knowles Defendants' one-day delay in filing an answer caused any loss of evidence, created increased difficulties in discovery, or allowed for greater opportunities for fraud and collusion. Further, even assuming BCSD did not have to continue litigating the case against the Knowles

Defendants because of their failure to timely file an answer, the course of the case would largely remain the same. Indeed, many of the claims that BCSD asserts are against both the Knowles Defendants and Defendants Cory McFarlane and Pinnacle/CSG, Inc. (the "Pinnacle Defendants"). *See generally* Doc. 162. The Pinnacle Defendants are not in default, and, therefore, BCSD would still have to litigate those claims, including gathering the same evidence and discovery. And as BCSD acknowledges, there would still be a jury trial to determine damages as to the claims against the Knowles Defendants and Pinnacle Defendants.[7] Doc. 343 at 1. In sum, given the alleged involvement and joint efforts in the fraudulent schemes among the Knowles Defendants and Pinnacle Defendants, and considering the Eleventh Circuit's "strong preference" to decide cases on their merits, the Court concludes the one-day delay and requirement to litigate do not constitute sufficient prejudice to deny setting aside the entry of default. *Perez*, 774 F.3d at 1342 ("This Circuit expresses a 'strong preference that cases be heard on the merits.'" (citation omitted)).

### III. CONCLUSION

For the foregoing reasons, BCSD's motion for default judgment (Doc. 343) is **DENIED**, and the Knowles Defendants' motion to set aside the entry of default and request to file an answer out of time (Docs. 345; 353) is **GRANTED**. The Clerk of Court

---

[7] The Court also notes that generally in cases involving more than one defendant, such as here, a judgment of liability should not be entered against a defaulting party alleged to be jointly liable or similarly situated until the matter has been adjudicated with respect to all defendants. *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (citing C. Wright & A. Miller, *Federal Practice and Procedure*, § 2690, 6 Moore, *Federal Practice* ¶ 55.06). That is because as a practical matter, and logically speaking, it would be "incongruous and unfair" for a plaintiff to collect a judgment against the defaulting defendant on a particular conduct at issue when a jury finds in favor of another, non-defaulting defendant under the same conduct at issue. *See id.*

is hereby directed to **VACATE** the entry of default as to the Knowles Defendants and file the Knowles Defendants' proposed answer (Doc. 345-1).

      **SO ORDERED**, this 13th day of June, 2019.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT