IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

BIBB COUNTY SCHOOL
DISTRICT,                                                   Civil Case No. 5:16-CV-549-MTT
      Plaintiff,


ROMAIN DALLEMAND et al.
 Defendants.

_____/

---

**PINNACLE/CSG, Inc., CORY MCFARLANE, HAROLD KNOWLES AND KNOWLES & RANDOLPH P.A.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

---

This is an action that named Pinnacle/CSG, Inc., Cory McFarlane, Harold Knowles and Knowles & Randolph P. A. (herein referred to as "Pinnacle."), as one of several Defendants in a December 15, 2016.[1]    Plaintiff, the Bibb County Board of Education (hereinafter referred to as "BCSD" or "School District" brought this lawsuit. BCSD filed a Second Amended Complaint on November 20, 2017. Doc. 162.

---

[1] The original Complaint contained eleven causes of action or counts:

COUNT I-Federal RICO/All Defendants, Doc #1, Complaint, para. 130.
COUNT II-Georgia RICO/All Defendants, Doc #1, Complaint, para. 153. COUNT III-Fraud-Complaint/All Defendants, Doc #1, Complaint, para. 163. COUNT IV-Breach of Contract/Dallemand, Doc # 1, Complaint, para. 171. COUNT V-Breach of Contract/Progressive, Doc # 1, Complaint, para. 185. COUNT VI-Breach of Contract/Pinnacle, Doc #1, Complaint, para. 196.COUNT VII-Breach of Contract/CompTech, Doc #1, Complaint, para. 208. COUNT VIII-Negligence/Progressive and Culver, Doc #1, Complaint, para. 218. COUNT IX-Unjust Enrichment/All Defendants, Doc #1, Complaint, para. 232. COUNT X-Breach of Fiduciary Duty/Dallemand, Doc # 1, Complaint, para. 244.
COUNT XI-Inducing and Aiding Breach of Fiduciary Duty/All Defendants, Doc #1, Complaint, para. 262.

Pinnacle's motion for summary judgment is directed to Count I, the Federal RICO; Count II, Georgia

RICO; Count III, State law fraud, and Count IX, State law unjust enrichment in the Second Amended

Complaint.[2] From an in-depth perusal of the Complaint and thorough examination of the law,

Pinnacle's motion for summary judgment demonstrates to the Court that the motion for summary

judgment should be granted because the action was not timely filed.

**THE FACTS**

On November 9, 2009, Bibb County citizens voted to extend, for five (5) years, the one percent (1

%) sales tax for funding BCSD capital improvement projects, which included technology upgrades.

Doc #1, Complaint, para. 23. The purpose of these upgrades was to provide BCSD's students access

to a variety of technology systems in their pursuit of high-quality education. Doc #1, Complaint,

para. 25. In furtherance of their objectives, BCSD selected a firm to assist them in developing a

technology plan. Two years after the 2009 November vote, Elert & Associates, on December 11,

2011, presented the Technology Assessment Report and Recommendations to the BCSD. The report

recommended campus and classroom multimedia systems, administrative systems, financial and

accounting software, personal computers, and servers. Doc #1, Complaint, para. 26.

Defendant Dallemand in June/July 2012 began a selection process that led to the employment of

Defendant Tourand, as the District Executive Director, which was approved by the BCSD Board on

July 19, 2012, following a process of rejection of the initial interview panel recommendations, the

review of additional applicants' applications and another round of interviews. Doc #1, Complaint,

paras. 29-35. Defendant Canty-Aaron was also hired as the district's Capital Programs Administrator

via a similar review and selection process. Doc #1, Complaint, paras. 29-35.

On September 20, 2012, the BCSD authorized, Defendant Dallemand to negotiate a contract to engage

Progressive Consulting Inc., as the Technical Project Manager for the turnkey design and

implementation technology project, that Elert recommended, following the August 17, 2012, bid

procedure and review panel interviews. The contract with Progressive was executed on September 24, 2012, with hourly rate and staffing needs and **a** termination date **of** September 30. 2013. Doc #1, Complaint, paras. 50-52., See Exhibit 1, Service Agreement Progressive Consulting, Section 1.05. Pinnacle entered into a contract with the School District on or before December 18, 2012.  See Attachment, contract documents.

BCSD asserts that Pinnacle**'s** December 13, 2012, $3,429,240 invoice was fraudulent, in part because Pinnacle placed its GSA number on the "Pinnacle Items" to avoid the School District's bidding procedures. Doc #1, Complaint, para. 62, Exhibit 2.  The December 13, 2012 Program Manager's Certification For Payment, for $3,247,200.00, was executed by Issacs J. Culver, III, the programs Manager, and Cheryl Canty Aaron, Capital Program Administrator.  The Certificate For Payment was executed the day after, Andrea Jolliffe, BCSD's general counsel, December 12, 2012 initiation of an investigation into irregularities related to non-compliance with the BCSD's procurement process, i.e., competitive bidding, and violation of State Laws about contract approval and bidding process in a pending ancillary litigation.    Exhibit 3, Financial Mgmt.: Internal Investigation/Additional Questions. The pending ancillary litigation was Ron Collier, Deputy Superintendent, and Chief Financial Officer, December whistleblower suit, alleging Mr. Collier had concerns about Central Georgia Partnership For Individual and Community Development and Positiventures' $1,000,000 invoice, which related to the Macon Promise Neighborhood, was in violation of or noncompliance with a law, rule, or regulation.  Exhibit 4.

The $3,247,200.00 wire transfer to Pinnacle from BCSD on December 18, 2012 was approved six days after Andrea Jolliffe's financial investigative memorandum by former Defendant Tourand, Defendants Progressive and Culver, and Ms. Canty-Aaron, Capital Program Administrator, Kelley-Castlin-Gacutan,  Deputy Superintendent of Operations, and Sharon Roberts, Director of Accounting and Interim Chief Financial Officer. Exhibit 5, the contract documents.  The Certificate

BCSD's Federal and State RICO claims at their core are based on December 13, 2012, Pinnacle Invoice, which was an essential part of the scheme to defraud the School District through trickeries to avoid the bidding process.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party s case." Celotex Corp. v. Catrett 477 U.S. 317,322 (1986).  The ' mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc. 477 U. S. 242, 247-48 (1986).  Additionally, the " nonmoving party may not r ly solely on allegations or conclusory statement." Ransom v. Ctr. For Nonprofit Advancement, 514 F. Supp. 2d 18, 24 (D.D.C. 2007) (citing Greene v. Dalton 164 F.3d 671, 675 (D.C. Cir. 1999)). The nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. Id. "If the evidence 'is merely colorable, or is not significantly probative, summary judgment may be granted. '  Id. (quoting Anderson 477 U.S.  at 249-50). There is no dispute of material fact precluding the entry of summary judgment for Pinnacle.  The Plaintiff has not disputed that the cause of action arose on or before December 13, 2012.

**ARGUMENT**

The pivotal fraud allegation in the Complaint is that "[t]he number of Pinnacle items ordered was based on the number of students (FTE) enrolled in BCSD schools rather than the number of BCSD employees who would actually be using them" The purpose of affixing to GSA number was to dupe BCSD employees into believing the purchase was authorized when it was not. 204.  [Doc. 1, Complaint para. 67.]

Georgia law is clear that merger clauses are valid, binding, and enforceable. In written contracts

containing a merger clause, prior or contemporaneous representations that contradict the written contract cannot be used to vary the terms of a valid written agreement purporting to contain the entire agreement of the parties, nor would the violation of any such alleged oral agreement amount to actionable fraud." See First Data POS, Inc. v. Willis, 273 Ga. 792, 794.795, 546 S.E.2d 781, 784 (2001) ("It is for this reason that our Court of Appeals has recently held that a RICO count alleging theft by deception based upon pre-contractual representations is foreclosed by the written terms of a valid contractual merger clause."); Mims v. Cagle Foods JV, LLC, 148 Fed.Appx. 762, 768 (11th Cir. 2005) ("[The plaintiff's] claim is wholly precluded by the merger clause of the contract. In Georgia, "[a]s a matter of law, a valid merger clause executed by two or more parties in an arm's length transaction precludes any subsequent claim of deceit based upon pre-contractual representations.") The contract documents show the existence of a valid contract. Therefore, Plaintiff's claim of fraud "precludes any subsequent claim of deceit [or fraud-in-the inducement]" based on false representations in the contract documents. Id. Under Georgia law, a plaintiff who claims that he was fraudulently induced into entering a contract may elect one of two remedies: "affirm the contract and sue to recover damages for its breach or rescind the contract and sue in tort to recover damages for fraud." Dyer v. Honea, 252 Ga. App. 735, 739(3)(a), 557 S.E.2d 20 (2001).

In the instant case, BCSD affirmed the contract with the filing of the Complaint and paid of the Pinnacle Invoice upon authorization. Further BCSD notified the parties that the unjust enrichment claim, Count IX, would be withdrawn if Pinnacle acknowledged contract existence. Pinnacle confirmed the existence of a contract. Bolstering Pinnacle's argument is the fact that BCSD claim for damages was unaccompanied by a claim for rescission and never asserted its intent to rescind in a timely fashion before filing this action. Conway v. Romarion, 252 Ga.App. 528, 531-532(1), 557 S.E.2d 54 (2001) (plaintiffs asserted their intent to rescind in a timely fashion before filing their action, they noted the rejection of their tender in the complaint, and they even attached the

letter of rescission thereto.); <u>Megel v. Donaldson</u>, 288 Ga. App. 510, 515(3), 654 S.E.2d 656 (2007) (appellant failed to pursue a claim for rescission until filing amended complaint); <u>Authentic Architectural Millworks v. SCM Group USA</u>, 262 Ga. App. 826, 827(1), 586 S.E.2d 726 (2003) (contract affirmed where appellant only sought money damages in the counterclaim and failed to seek rescission until after appellee raised the issue); <u>Markowitz v. Wieland</u>, 243 Ga. App. 151, 153(1), 532 S.E.2d 705 (2000) (even if there were an attempted rescission, complaint about damages without a claim for rescission affirmed the contract); <u>Consulting Const. v. Edwards</u>, 207 Ga. App. 296, 298(1), 427 S.E.2d 789 (1993) ("appellants' attempt to rescind the contract in response to the appellee's motion for summary judgment was untimely" and, as a result, affirmed the contract).

Assuming arguendo that BCSD did not legally affirm the contract documents or that somehow the law permits it to file the fraud and contract breach claims, based on the same set of facts, Counts I, II and III are time-barred. The statute of limitations for fraud, including fraudulent inducement and negligent misrepresentation, is four (4) years, which is the same for the Federal RICO claim. <u>See</u> O.C.G.A 9-3-31. The 4- year limitation period may be tolled if Pinnacle committed the actual fraud until BCSD in" the exercise of reasonable diligence should have discovered the fraud." O.C.G.A 9-3-96.   The original Complaint was filed stamped December 15, 2016; thus, the 4-year limitation period was exceeded.    <u>Hamburger v. PFM Capital Management, Inc</u>., 286 Ga.App. 382, 649 S.E.2d 779 (2007) (Allegation that the defendant repeatedly represented that it would diversify her retirement savings was not with evidence that the purported misrepresentation and resulting losses occurred less than four years before she filed her complaint, thus the fraud claim is barred.) BCSD may argue that the "pivotal fraud allegation" in the original Complaint tolled the 4-year limitation period. As noted above, the limitation period may be tolled, if Pinnacle's conduct constituted actual fraud and BCSD was unable to discoverer the fraud. However, such a contention, if made, is not supported by the original Complaint's allegation and Exhibit 1,

or the Andrea Jolliffe investigation memorandum. From the facts presented in the original Complaint and discovery, particularly the Andrea Jolliffe investigative memorandum, there is nothing indicating that the Plaintiff took any action, as prescribed by Georgia law, to remedy the alleged fraud. From an in-depth review of case law and statutes, Georgia's courts would not find this lack of action acceptable. In Georgia, the courts have held in abundance that: "a plaintiff must exercise diligence to discover the fraud to toll the statute; mere ignorance of the fraud is not sufficient." McLendon v. Georgia Kaolin Co., Inc., 782 F.Supp. 1548, 1566 (M.D.Ga.1992).

CONCLUSION

Pinnacle's motion for summary judgment and memorandum of Law, and the well-reasoned decisions, support the entry of an order by this Court to grant the motion as to Count I, Federal RICO claim, Court II, the State RICO claim because the invoice deliver was a subpart of a single predicate act- the December 18, 2012 wire transfer. Further, the fraud count is time barred and without legal foundation as BCSD has legally affirmed the existence of a contract with Pinnacle via its filing of the December 15, 2016, Complaint and payment of the invoice.

Pinnacle respectfully request that this Court to grant the motion for summary judgment each of Plaintiff's claims as outline above. Furthermore, upon Defendants Pinnacle's and McFarlane's application to the Court and a proper showing, under the appropriate rules and statutes, an award of fees and cost should be entered pursuant to, but not limited to, O.C.G.A. § 13-6-11.

Respectfully submitted this 24th June 2019.

/s/Jack L. McLean Jr.
Jack L. McLean Jr.
GA Bar No. 496855
FL. Bar No. 0182617
Jack L. McLean Jr and Company LLC

1367 E. Lafayette Street, Suite B
Tallahassee, FL 32301

850-841-0443 cell
*ATTORNEY FOR PINNACLE/CSG, INC. CORY*
*MCFARLANE, HAROLD KNOWLES, AND*
*KNOWLES & RANDOLPH, P.A.*

## CERTIFICATE OF SERVICE

This to certify that I electronically filed **PINNACLE/CSG, Inc., CORY MCFARLANE,**

**HAROLD KNOWLES AND KNOWLES & RANDOLPH P.A.'S MEMORANDUM OF**

**LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using

the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of

record.

I also certify that I have this day served a true and correct copy of **PINNACLE/CSG, Inc.,**

**CORY MCFARLANE, HAROLD KNOWLES AND KNOWLES & RANDOLPH P.A.'S**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

was mailed to defendant  ROMAIN DALLEMAND in this case by depositing said copies in the

United States mail with adequate postage affixed thereto or by hand delivery to the following:

Romain Dallemand
69200-018
FPC Pensacola
Federal Prison Camp
P.O. Box 3949
Pensacola, FL 32516

Date: June 24, 2019

*/s/Jack L. McLean Jr.*
Jack L. McLean Jr.