# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| BIBB COUNTY SCHOOL DISTRICT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:16-CV-549 (MTT) |
| | ) |
| ROMAIN DALLEMAND, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On July 12, 2019, Defendant Romain Dallemand moved for an appointment of counsel. Doc. 396. A civil litigant has "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (citations omitted). Indeed, appointment of counsel in a civil case is a privilege that is justified only by exceptional circumstances. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (citation omitted). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of the claims and defenses and the complexity of the factual and legal issues presented. *Holt v. Ford,* 862 F.2d 850, 853 (11th Cir.1989) (en banc) (citations omitted).

Here, there are no exceptional circumstances justifying an appointment of counsel. Now that the only remaining Defendant is Dallemand, the legal issues in this case are relatively straightforward, and there is no person more intimately familiar with the facts than Dallemand. And, as BSCD pointed out in its June 14, 2019 letter, it would

be infeasible to appoint counsel at this late stage of the litigation.  Doc. 387 at 3.  Finally, since filing his motion for appointment of counsel, Dallemand expressly stated he will not appear at trial, confirmed he does not contest his liability or amount of damages, acknowledged the dismissal of his counterclaim, and asked that a judgment be entered against him.  Doc. 400.  Accordingly, his motion (Doc. 396) is **DENIED**.

**SO ORDERED**, this 24th day of July, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
